TOWN OF STARKSBORO *v.* TOWN OF HUNTINGTON.

*Pauper.* *Order of Removal.* *Gen. Sts. c.* 20, *s.* 4.

The copy of the order of removal left with the overseer of the poor of the .town to which the removal is ordered, should state every fact essential to give the justices jurisdiction. Thus, where such copy disclosed no adjudication that the alleged pauper was, or was likely to become, chargeable to the town procuring the order, it was *held* that it was void on its face, and disclosed no judgment imposing any liability on the town to which the removal was ordered, and that that town was not bound to appeal, to avoid liability for the pauper's support.

ASSUMPSIT under s. 6, c. 20, Gen. Sts., for the recovery of charges occasioned by the sickness, maintenance, cure, and removal of one Altha A. Ring, an alleged pauper, ordered to be removed from Starksboro to Huntington. Pleas, the general issue and Statute of Limitations. Trial by jury, December Term, 1877, PIERPOINT, C. J., presiding.

Plaintiff offered in evidence a certified copy of the record of the proceedings in the matter of said order of removal, to which defendant objected, because it was not a true copy of the record as originally made by the justices; but the court admitted the copy, subject to the effect of such evidence as defendant should introduce in that behalf. By said copy it appeared that the original order of removal, and the copy thereof left with defendant's overseer of the poor, showed an adjudication by the justices making the order that the pauper was chargeable to the town of Starksboro.

Defendant introduced evidence tending to show that the copy of said order left with its overseer of the poor contained no statement of an adjudication that the pauper was, or was likely to become, chargeable to Starksboro, and that the original order did not then contain such a statement, but that the record was afterwards altered by inserting an adjudication that the pauper was chargeable to Starksboro.

The court, *pro forma*, instructed the jury to disregard all of defendant's testimony on this point, and charged them that it was

immaterial, and, if true, constituted no defence ; to which the defendant excepted.

*Wm. G. Shaw* and *E. R. Hard*, for defendant.

The fact that the copy of the order left with defendant's overseer of the poor showed no adjudication that the pauper was, or was likely .to become, chargeable to Starksboro, is fatal. There is no presumption in favor of the jurisdiction of inferior tribunals of this kind, with special and limited jurisdiction. The record or case must show affirmatively the existence of all those facts and circumstances that give jurisdiction ; and if they do not so appear, the judgment is void. *Paine* v. *Ely*, 1 D. Chip. 37 ; *Bates* v. *Hazletine*, 1 Vt. 81. ; *Hubbell* v. *Dimick*, 1 Vt. 253 ; *Walbridge* v. *Hall*, 3 Vt. 114 ; *Dean* v. *Lowry*, 4 Vt. 481 ; *Barrett* v. *Crane*, 16 Vt. 246 ; *Darling* v. *Bowen*, 10 Vt. 148 ; *Hewes* v. *Andover*, 16 Vt. 510 ; *New Barbadoes* v. *Paterson*, 3 Dutcher, 544 ; *Princeton* v. *South Brunswick*, 3 Zab. 169 ; *Wilmington* v. *Jamaica*, 42 Vt. 694.

The statute on which the action is brought, renders the town to which the pauper is ordered to be removed, liable for his support when too sick to be removed, only when he has been *so* ordered to be removed ; that is, ordered to be removed as provided in the previous section, which enacts that the justices may order him to be removed *if they find that he .has, or is likely to become, chargeable to such town.*

The omission of defendant to appeal from the order has in no respect prejudiced its defence. The copy of the order served on defendant's overseer, showed on its face that the justices had no jurisdiction ; that they had ordered a person to remove who was in no sense a pauper, nor within their control. It appeared upon its face to be void. It was, in fact, no order, and imposed no duty on the defendant, either to accept the pauper or to appeal. *Dorset* v. *Rutland*, 16 Vt. 419 ; *Poultney* v. *Sandgate*, 35 Vt. 146 ; *Whitingham* v. *Wardsboro*, 47 Vt. 496 ; *Stowe* v. *Brookfield*, 26 Vt. 525, *per* REDFIELD, C. J.

If the order was thus defective, and for that reason imposed no obligation nor duty on the defendant, either to obey it or to appeal,

then defendant could be under no liability to refund to the plaintiff the expenses of supporting the alleged pauper up to the time she was removed.

*E. W. J. Hawkins* and *Stewart & Eldridge*, for the plaintiff.

The copies were sufficient and the legitimate evidence. *Poultney v. Sandgate*, 35 Vt. 146.

The adjudication, unappealed from, was conclusive. The proceedings were strictly judicial, and by a properly constituted tribunal.

The opinion of the court was delivered by

POWERS, J. By s. 4, c. 20, Gen. Sts., the justices had jurisdiction upon complaint made to inquire whether Altha A. Ring had come to Starksboro to reside ; whether she was chargeable as a pauper to that town, or likely to become so ; and whether she had a legal settlement in Huntington. If she had come to reside in Starksboro, she could not be warned out unless she had become chargeable, or it was likely she would become chargeable, to the town.

If all the facts necessary to give jurisdiction are made to appear, the justices are empowered to order the pauper to remove by a day fixed, to the place of its legal settlement; and if such order is not observed, the justices may, by warrant, compel such removal. In case a warrant is issued, the statute directs the justices to make and certify a copy of their order of removal and append thereto a notice, both of which are to be duly served upon the defendant town.

The copy of the order of removal embodies the adjudication made by the justices, and should set forth every fact essential to give them jurisdiction. The notice only declares that the pauper has been duly ordered to remove by a day limited. The copy of the order and notice served upon the defendant town is the first notice such town has of the proceedings, and such town predicates its action in the premises upon the judgment it is thereby informed has been passed by the justices. It has the right to rely upon the copy furnished as showing the authentic determination of questions affecting its interests in the premises.

The copy served upon the town of Huntington disclosed no adjudication that Altha Ring was a pauper chargeable to Starksboro. It only informed the town that she had come to Starksboro to reside, and had a legal settlement in Huntington.    Such judgment was void on its face, and imposed no liability upon the town of Huntington.

The town of Huntington was not bound to take an appeal in order to shun liability.    In the language of sec. 8, its overseer was not " aggrieved " by any action of the plaintiff town of which he had been informed.

The County Court erred in its charge upon the effect of the defendant's evidence.

Judgment reversed.