TOWN OF ST. JOHNSBURY *v.* TOWN OF MORRISTOWN.

*Pauper. Order of Removal. Gen. Sts. c. 20, s. 4. Appeal. Waiver of Defects in Order of Removal.*

The copy of the order of removal served on the overseer of the poor of the town to which the removal was ordered, disclosed no adjudication that the pauper had come to reside, &c., or was, or was likely to become, chargeable to the town procuring the order. *Held,* that the copy disclosed no judgment legally charging the town to which the removal was ordered, and that the town was not bound to appeal, to avoid liability, but might rely on the copy served in determining its liability.

The overseer of the poor of the town to which the removal was ordered, appeared before the justices who made the order, and took an appeal therefrom, but did not enter the appeal in County Court, and it did not appear that any notice of the appeal was ever given to the appellee. *Held,* that the appeal was not perfected until entered in County Court, or at least until notice was given to the appellee ; and that what was done in the matter of the appeal was not a waiver of the defects in the copy served.

ASSUMPSIT on s. 6, c. 20, Gen. Sts., to recover for expenses incurred in the support and burial of Zur Grout, an alleged pauper. The case was referred, and the referee reported the following facts:

On December 5, 1876, the alleged pauper, who was then asking for relief from the plaintiff town, was brought before two justices

of the peace on complaint of the plaintiff's overseer of the poor, and, on examination then made, it was found that the pauper had come to reside in the plaintiff town, and was chargeable thereto, but had gained no legal settlement therein, but had his legal settlement in the defendant town; and an order of removal was thereupon duly made. The pauper was then sick and unable to be removed, and on the evening of the 7th he died. Service of a copy of the order of removal was made on the defendant's overseer of the poor on the 8th. But the copy served contained no statement of the adjudication of said justices other than as follows : " After hearing the proofs and allegations and examining the same, it is considered by the court that the said Zur Grout belongs and has had his legal settlement in the town of Morristown in the County of Lamoille, and that he ought to be removed to the town of Morristown aforesaid, agreeably to law." On May 21, 1877, the defendant's overseer of the poor appeared before said justices, took an appeal from said order of removal, paid the usual fee therefor, and obtained a certified copy of the record thereof, on the back of which the justices made and signed an entry of the appeal. The defendant did not enter the appeal in the County Court, and it did not appear that any notice of the appeal was ever given to the plaintiff. But the plaintiff entered the cause in the County Court at its June Term, 1877, and procured the judgment of the justices to be affirmed, the defendant having no notice thereof, and not appearing.

The defendant contended that the order of removal was void for that there was no adjudication by the justices that the pauper had come to reside, or was or was likely to become chargeable ; and that, no appeal having been taken by the defendant, the plaintiff had no right to enter the cause for affirmance. But the court, at the June Term, 1878, Caledonia County, Ross, J., presiding, rendered judgment on the report for the plaintiff; to which the defendant excepted.

*P. K. Gleed* and *C. C. Burke,* for the defendant.

The copy served on the defendant was not a copy of a valid order. *Barnet* v. *Concord,* 4 Vt. 564 ; *Barre* v. *Morristown,* 4

St. Johnsbury *v.* Morristown.

Vt. 574 ; *Poultney* v. *Sandgate,* 35 Vt. 146 ; *Sharon* v. *Strafford,* 37 Vt. 74 ; *Starksboro* v. *Huntington,* 50 Vt. 599.

The affirmance of the judgment by the County Court did not cure the defect. If any judgment was effectually affirmed, it was a void judgment. No appeal was perfected. But the County Court had no power to affirm. It had no jurisdiction of the defendant or of the subject-matter. See Gen. Sts. c. 30, s. 31 ; *Emerson* v. *Reading,* 14 Vt. 279.

. *Dickey, Blodgett & Dickey,* for the plaintiff.

The judgment of the County Court was conclusive.

By taking an appeal from the judgment of the justices the defendant waived any defect there might have been in the copy left. *Dorset* v. *Rutland,* 16 Vt. 419; *Whitingham* v. *Wardsboro,* 47 Vt. 496 ; *Bradford* v. *Corinth,* 1 Aik. 290. The plaintiff had a right to enter the appeal for affirmance. Sts. 1866, No. 37 ; Gen. Sts. c. 31, s. 64 ; Sts. 1870, No. 66 ; *Ide* v. *Story,* 47 Vt. 62.

The opinion of the court was delivered by

DUNTON, J. This is an action of assumpsit under s. 6, c. 20, Gen. Sts., to recover certain expenses for the support and burial of a pauper.

At an examination, instituted by the overseer of the poor of the plaintiff town, before two justices of the peace, under section 4 of the same chapter of the General Statutes, an order of removal was granted by said justices, whereby the pauper was ordered to be removed to the defendant town. These proceedings were commenced on the 5th day of December, A. D. 1876. The pauper at this time was sick and unable to be removed, and died on the 7th of the same month, two days after the order of removal was made.

The only statement of the adjudication of said justices in the copy of the order of removal served upon the overseer of the defendant town on the 8th day of December following, is as follows : " After hearing the proofs and allegations and examining, &c., it is considered by the court that the said Grout (the

pauper) belongs and has his legal settlement in the town of Morristown aforesaid, agreeably to law." Then follows the order that said Grout remove, &c. This copy, it will be perceived, contains no statement or evidence of an adjudication by said justices, that the pauper had come to reside in the plaintiff town, and had not gained a legal settlement therein, and was, or was likely to become chargeable thereto, which is essential in order to charge the defendant town with his support.

The referee finds that the defendant's overseer of the poor, on the 21st day of May, 1877, appeared before said justices, took an appeal from said order of removal, paid the usual fees therefor, and obtained from them a certified copy of the record thereof, upon the back of which an entry of the appeal was signed by them. The defendant town did not enter said appeal in the County Court; nor does it appear that any notice of such appeal was ever given to the plaintiff town, as required by law. But the plaintiff entered said cause in the County Court at the June Term thereof, 1877, and procured an affirmance of said judgment without notice to or an appearance by the defendant town.

It is claimed by counsel for the plaintiff in their argument, that the defendant town by appearing before said justices and taking an appeal as above stated, waived all defects in the copy of the order of removal served upon its overseer. The statute is silent as to what constitutes an appeal; but we do not think the appeal in such cases is perfected until the cause is entered in the County Court by the appellant; certainly not until notice thereof is given to the appellee. Therefore this case stands precisely, so far as the liability of the defendant town is concerned, as though no appeal had been taken. There is no provision by statute for the affirmance of such a judgment, which also points to the same conclusion.

No. 18, Sts. 1864, provides that " whenever an order of removal shall be made as provided by section 4 of chapter 20 of the Gen. Sts., a copy of said order, certified by the justices making the same to be a true copy, shall be served on the overseer of the poor of the town to which the pauper is ordered to be removed, within thirty days after the making of such order, unless

such pauper shall be removed within that time." It was held in *Barnet* v. *Concord*, 4 Vt. 564, that the copy left with the overseers of the town to which the pauper was ordered to be removed, should correspond with the original in every substantial part, and if there was an omission in such copy which would be fatal if in the original, the statute had not been complied with. It was also held in *Starksboro* v. *Huntington*, 50 Vt. 599, that the town to which the removal is ordered has the right to rely upon the copy served upon its overseer, "as showing the authentic determination of questions affecting its interest.". Therefore the defendant town had the right to rely upon the copy of the order of removal served upon its overseer, to determine the extent of the adjudication of said justices; and as such copy fails to show an adjudication that legally charged the defendant town with the support of the pauper in question, by reason of the omissions therein, above referred to, the defendant town could safely rest upon the case as it then stood, without perfecting its appeal by giving notice thereof, and entering the same in the County Court.

Judgment reversed, and judgment for the defendant to recover its costs.